# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| EDWARD HAROLD COREY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | No. C07-0102-LRR <br> No. CR05-0057-LRR <br><br> ORDER |

This matter appears before the court on Edward Corey's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 1). On October 9, 2007, Edward Corey ("the movant") filed his 28 U.S.C. § 2255 motion. On July 11, 2008, the court, among other things, directed the government to respond to the movant's claims (docket no. 7). On September 9, 2008, the government complied with the court's order by filing a resistance (docket no. 8). On September 30, 2008, the movant filed a reply (docket no. 9). Apart from the instant motion pursuant to 28 U.S.C. § 2255, the court also deems it appropriate to consider the other motions and documents that the movant filed. Those motions and documents include: a motion to amend (docket no. 12), filed on January 30, 2009, a motion to receive an expedited ruling from the court (docket no. 13), filed on March 17, 2009, a motion to rule on the pending motion pursuant to 28 U.S.C. § 2255 (docket no. 14), filed on August 31, 2009, a motion to dismiss (docket no. 15), filed on February 8, 2010, a motion to strike the motion to dismiss (docket no. 16), filed on February 16, 2010, a motion for extension of time to file a response to the motion to dismiss (docket no. 17), filed on February 26, 2010, and a supplement (docket no. 18), filed on March 2, 2010. The court now turns to consider the movant's pending motions.

At this time, the court deems it appropriate to rule on the merits of the movant's motion pursuant to 28 U.S.C. § 2255. Accordingly, the motion to receive an expedited ruling from the court (docket no. 13) and the motion to rule on the pending motion pursuant to 28 U.S.C. § 2255 (docket no. 14) shall be denied as moot. Concerning the movant's motion to dismiss (docket no. 15), motion to strike the motion to dismiss (docket no. 16), motion for extension of time to file a response to the motion to dismiss (docket no. 17) and supplement (docket no. 18), the movant makes clear that he would like the court to review the merits of his claims. Thus, the court shall deny those motions.

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28

U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The movant asserts that an evidentiary hearing is necessary to resolve his claims. The court disagrees with such assertion and concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, the record indicates that the movant stipulated that he would not file a motion for post-conviction relief and, even if the merits of the instant motion are considered, the ineffective assistance of counsel claims are without merit and/or frivolous and no violation of either the movant's constitutional rights or federal law occurred. As such, the court finds that there is no need for an evidentiary hearing.

With respect to the merits of the movant's claims, the court deems it appropriate to deny the movant's 28 U.S.C. § 2255 motion for the reasons stated in the government's resistance. The government's brief adequately sets forth the law that is applicable to the facts in the movant's case. Specifically, the government correctly concluded that: (1) the movant agreed to forego any relief under 28 U.S.C. § 2255; (2) the movant is procedurally barred from asserting his claims because he previously asserted many, if not all, of his claims prior to his sentencing; and (3) the movant's double jeopardy claim is foreclosed by his guilty plea and/or without merit.

Moreover, the court thoroughly reviewed the record and finds that the denial of the movant's 28 U.S.C. § 2255 motion results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424,

428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). The court finds that the movant is bound by the terms of the sentencing agreement that he entered into with the government. The movant asserts no valid basis for the court to set aside the sentencing agreement. Assuming the movant is not bound by the sentencing agreement, the court concludes that the movant's claims are procedurally defaulted. The court also concludes that either the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), or any deficiencies in counsel's performance did not prejudice the movant's defense, *id*. at 692-94. Considering all the circumstances and refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court finds that the record belies the movant's specious claims and no violation of the movant's constitutional right to counsel occurred. Lastly, the court concludes that the movant knowingly and voluntarily pleaded guilty and no violation of the double jeopardy clause occurred. Thus, none of the alleged errors that are asserted by the movant warrant relief under 28 U.S.C. § 2255. Based on the foregoing, the movant's 28 U.S.C. § 2255 motion shall be denied.

With respect to the motion to amend, the court need not address it in light of the conclusion that the movant is bound by the terms of the sentencing agreement. Nonetheless, the court finds that the additional claim raised by the movant is untimely. A 28 U.S.C. § 2255 motion must be filed within one year of the date that the conviction becomes final, except in circumstances not present here. *See* 28 U.S.C. § 2255.[1] Here,

---

[1] A 1-year period of limitation shall apply to a motion under this section.

(continued...)

4

the movant's conviction became "final" on February 7, 2007—the last day he could have filed an appeal with the Eighth Circuit Court of Appeals. *See* Fed. R. App. P. 4(b)(1)(A) (indicating a defendant in a criminal case has ten days to file a notice of appeal); Fed. R. App. P. 26(a) (indicating it is appropriate when computing the date to exclude intermediate Saturdays, Sundays and legal holidays); *see also Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired."); *cf. Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) ("Finality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Although he timely filed his original motion under 28 U.S.C. § 2255, the movant did not file the motion to amend before February 7, 2008, which is the last date he could have timely filed an amendment to his motion under 28

---

(...continued)

> The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

U.S.C. § 2255. Consequently, any amendment would have to sufficiently relate back to the movant's original 28 U.S.C. § 2255 motion. *See United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (concluding an otherwise untimely amendment to a 28 U.S.C. § 2255 motion does not relate back to a timely filed motion when the original claims are distinctly separate from the claims in the amendment); *see also Mandacina v. United States*, 328 F.3d 995, 999-1000 (8th Cir. 2003) (citing *Craycraft*, 167 F.3d at 457); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (discussing *Craycraft*, 167 F.3d at 456-57). Because the movant wants to introduce an entirely new claim or amendment which does not sufficiently relate back to his original claims, the movant's motion to amend shall be denied.[2]

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000);

---

[2] The court notes that, in his motion to amend, the movant generally refers to a new case the Supreme Court decided, but he does not cite the case. To the extent the movant is relying on *Begay v. United States*, ___ U.S. ___, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008), no relief is warranted because counsel's decision not to raise an issue unsupported by then-existing precedent does not constitute ineffective assistance. *See Toledo v. United States*, 581 F.3d 678, 679-81 (8th Cir. 2009) (making clear that counsel is not accountable for unknown future changes in the law); *Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002) (same). Moreover, the court is unable to vacate, set aside or correct the movant's sentence because he agreed not to file a motion for post-conviction relief.

*Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant

may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's 28 U.S.C. § 2255 motion (docket no. 1) is denied.

2) A certificate of appealability is denied.

3) The movant's motion to amend (docket no. 12) is denied.

4) The movant's motion to receive an expedited ruling from the court (docket no. 13) is denied as moot.

5) The movant's motion to rule on the pending motion pursuant to 28 U.S.C. § 2255 (docket no. 14) is denied as moot.

6) The movant's motion to dismiss (docket no. 15) is denied.

7) The movant's motion to strike the motion to dismiss (docket no. 16) is denied.

8) The movant's motion for extension of time to file a response to the motion to dismiss (docket no. 17) is denied.

**DATED** this 8th day of March, 2010.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA